# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| **HECTOR LOPEZ,** | § | Docket No. _____ |
| Plaintiff, | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| **SCHLUMBERGER TECHNOLOGY CORP.** | § | |
| Defendant. | § | |

## COMPLAINT

### I. SUMMARY

1. Plaintiff Hector Lopez brings this lawsuit to recover unpaid overtime wages and other damages from Schlumberger Technology Corp. (STC) under the Fair Labor Standards Act (FLSA). Instead of paying Lopez overtime, STC paid him a salary and bonus.

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the relevant events occurred in this District and Division.

### III. THE PARTIES

4. Lopez worked for STC in this District and Division as a pressure control operator during the last three years. His consent is filed as **Exhibit A**.

5. STC may be served by serving its registered agent: **National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201**.

## IV. COVERAGE UNDER THE FLSA

6. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

9. At all times, Plaintiff was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTS

10. Lopez worked for STC as a pressure control operator and was paid a salary and bonus, but did not receive overtime for all hours worked over forty (40) in a work week.

11. His daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by STC and/or STC's clients. Virtually every job function was predetermined by STC, including the tools and equipment to use at a job site, the schedule of work, and all related work duties.

12. Lopez was prohibited from varying his job duties outside of predetermined parameters. Moreover, his job functions involved mostly manual labor and technical work, requiring little to no official training, much less a college education or advanced degree.

13. Indeed, Lopez was a blue collar employee. He relied on his hands, physical skills, and energy to perform manual labor for STC in the oilfield.

14. His duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

15. He did not have the authority to hire or fire other employees, and he was not responsible for making hiring or firing recommendations.

16. Moreover, he worked long hours. Specifically, STC usually scheduled him for a minimum of 12 hours per day, and he regularly worked a minimum of 84 hours per week.

17. STC's pressure control operators worked similar hours and were denied overtime as a result of the same illegal pay practice and regularly worked in excess of 40 hours each work week.[1] Instead of being paid hourly, pressure control operators were paid a salary and sometimes a bonus, but were never paid overtime compensation.

## VI. FLSA VIOLATIONS

18. During the relevant time period, STC violated the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the

---

[1] *See, e.g., Matthew Belcher v. Schlumberger Technology Corp.,* Civ. Act. No. 4:15-cv-2429 (S.D. Tex. Aug. 8, 2015) (collective action FLSA case for similar class of pressure control operators) (Miller, J.); *Richard Stillman v. Schlumberger Technology Corp.*, Case No. 4:16-cv-00091, (S.D. Tex. Jan. 12, 2016) (Rosenthal, J.) (individual FLSA case for similar pressure control operator position that was settled and dismissed on April 4, 2017 via Doc. 23); *Meyer v. Schlumberger Technology Corp.*, No. 3:16-cv-00083 (S.D. Tex. March 30, 2016) (Hanks, J.) (individual FLSA case for similar pressure control operator position).

meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates of pay.

19. STC knowingly, willfully, or in reckless disregard carried out this illegal practice of failing to pay Lopez overtime compensation. STC's decision not to pay overtime compensation to pressure control operators like Lopez was neither reasonable, nor in good faith. Accordingly, Lopez is entitled to overtime wages under the FLSA in an amount equal to one and one-half times his rate of pay, plus liquidated damages, attorney's fees and costs.

## VII. RELIEF SOUGHT

20. Lopez seeks judgment against STC as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding STC liable for Lopez's unpaid back wages and for liquidated damages equal in amount to the unpaid compensation found due to Lopez;

    b. For an Order awarding Lopez the costs of this action;

    c. For an Order awarding Lopez his attorneys' fees;

    d. For an Order awarding Lopez unpaid benefits and compensation in connection with the FLSA violations;

    e. For an Order awarding Lopez pre-judgment and post-judgment interest at the highest rates allowed by law;

    f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    State Bar No. 24014780
    **Andrew W. Dunlap**
    State Bar No. 24078444
    **Jessica M. Bresler**
    State Bar No. 24090008
    **Lindsay R. Itkin**
    State Bar No. 24068647
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    jbresler@mybackwages.com
    litkin@mybackwages.com
    adunlap@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**